## Ex Parte Pacheco.

### Appeal from the District Court of San Juan.

#### No. 89.—Decided February 20, 1904.

Ownership.—The citation of the person from whom the property is derived, or of his predecessor in interest, is an essential requisite in proceedings to establish the ownership of real estate.

Id.—Possession to Acquire the Same.—Mere possession for twenty years is not sufficient to establish ownership which the petitioner claims over real estate, in cases in which the ownership of a former possessor does not appear, nor the date and other circumstances under which the alienation in favor of the petitioner is effected.

#### STATEMENT OF THE CASE.

These are proceedings instituted in the District Court of San Juan at the instance of Manuel Pacheco for the purpose of establishing ownership of a rural estate, which case is pending before us on appeal taken by counsel for the petitioner from the judgment rendered by said district court. Said judgment reads as follows:

"Porto Rico, July sixth, one thousand nine hundred and three. In the matter of proceedings instituted by Damián Monserrat y Simó, on behalf of Manuel Pacheco, for the purpose of establishing his ownership of a rural estate.

*Resultando* : que en diez de Marzo último acudió á este Tribunal el referido abogado, manifestando que á virtud de compra hecha á Nicolás Román hacía años, era dueño su cliente de cinco cuerdas de terreno, radicadas en el barrio de Candelaria, de Toa Baja, hoy Bayamón, y que careciendo de título de dominio inscrito, promovía el oportuno expediente para obtenerlo, con arreglo al Artículo trescientos noventa y cinco de la Ley Hipotecaria.

*Resultando* : que con audiencia del Ministerio Fiscal se mandó recibir la información de testigos que propuso como prueba, con citación del propio Ministerio, de su vendedor, de los que tuvieran algún derecho real sobre el terreno descrito y de los colindantes, dentro del término de sesenta días, convocándose también á las personas ignoradas á quienes pudiera perjudicar la inscripción por medio de edictos que se fijarían en los sitios públicos de costumbre é insertarían por tres veces en un periódico de esta Capital, de los de más circulación.

*Resultando* : que fijados los edictos y publicados en tres números del Heraldo Español, correspondientes á los días veinte y seis, veinte y siete y veinte y ocho de Marzo último, citados en lugar de Don Nicolás Román, que se dijo estar demente, su esposa, Doña Martina Medina, y los colindantes del predio, declararon dos testigos de cuyo conocimiento certificó el Secretario del Juzgado Municipal de Toa Alta á tenor del interrogatorio presentado por el promovente, sin que por virtud de los llamamientos hechos se hubiese presentado opositor alguno.

*Resultando* : que transcurrido el término señalado para la prueba, y no valiendo el terreno más de cincuenta dollars, se citó al interesado y al Ministerio Fiscal á una comparecencia verbal para el día diez de Junio próximo pasado á la que no asistió ninguno de ellos.

*Resultando* : que los dos testigos examinados, en que consiste toda la prueba ofrecida, se limitan á manifestar de acuerdo con el interrogatorio, que Pacheco adquirió hace años de Nicolás Román las cinco cuerdas de terreno, y que desde su adquisición ha venido disfrutándolas quieta y pacíficamente, sin oposición de nadie, añadiendo únicamente que la posesión de Pacheco data de más de veinte años.

*Resultando* : que en la sustanciación del expediente no se han observado del todo las reglas del procedimiento, pues en lugar de la citación personal de Nicolás Román, de quien dice el promovente haber adquirido las tierras, aparece citada Doña Martina Medina,

"On the 10th of March last, the said attorney appeared before the District Court of San Juan, stating that by virtue of purchase from Nicolás Román, some years before, his client owned five *cuerdas* of land situated in *barrio* 'Candelaria,' of Toa Baja, now Bayamón, and having no recorded title of ownership, he instituted the proper proceedings to secure said written title, under article 395 of the Mortgage Law. After hearing the opinion of the district attorney, the examination of witnesses proposed was ordered, with citation of aforesaid district attorney, of the vendor, of those who had any property right in the land described, and of adjoining landowners, within a period of sixty days, a call to be issued for the unknown persons whom the desired record might prejudice, by means of notices posted in the customary public places and published three times in a local newspaper having the largest circulation. After posting the notices and publishing the same in three successive issues of the 'Heraldo Español' of the 26th, 27th and 28th of March last, and citing Martina Medina, instead of her husband, Nicolás Román, said to be of unsound mind, and the adjoining landowners, two witnesses who were certified by the clerk of the municipal court of Toa-Alta to be known to him, testified in accordance with the interrogatories propounded by the petitioner, no contestant having appeared in response to the calls made. The period fixed for the offer of evidence having expired, and the property in question not being valued at more than fifty dollars, the party concerned and the district attorney were cited for an oral trial to be held on the 10th of June last, at which both failed to appear. The evidence submitted was confined to two witnesses, who testified, in conformity with the interrogatories, that Pacheco had years before acquired from Nicolás Román the aforesaid five *cuerdas* of land, and that since the acquisition thereof he had been in quiet and peaceable possession of the land, without any opposition, adding only that said possession dates back more than twenty years. All the rules of procedure were not observed in the conduct of the investigation, for instead of personally citing Nicolás Román, from whom the petitioner declared he had acquired the lands, it appears that Martina Medina was cited, who claimed to be his wife, which fact was not established, nor that of the mental incapacity of Nicolás Román. The court decided as follows:

"The citation of the person from whom the property is derived, or

que se dice su esposa, sin que se haya acreditado esa circunstancia, ni tampoco la incapacidad mental de Don Nicolás Román.

*Considerando* : que la citación de la persona de quien procedan los bienes, ó de su causa-habiente, siendo conocido, es uno de los requisitos más esenciales que exige el Artículo 395 de la Ley Hipotecaria.

*Considerando* : que la mera posesión de veinte años, de que vagamente hablan los dos testigos presentados por Don Manuel Pacheco, no basta para justificar el dominio que éste se atribuye sobre el inmueble descrito al principio, no habiéndose ofrecido prueba alguna del que tuviera Nicolás Román sobre el predio de que se trata, ni siquiera la fecha y demás circunstancias en que se verificara la venta, que se supone hecha por el último.

*Vista* la disposición legal citada, y demás aplicables al caso, de la Ley Hipotecaria y el Código Civil vigente.

Se declara que Don Manuel Pacheco no ha justificado el dominio que solicita, denegándose por lo tanto sus pretensiones.

Asi lo acordaron los Sres. del Tribunal y firman de que certifico : Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Mendez Vas''.

*Resultando* : que contra esta sentencia interpuso apelación la representación del promovente, y admitido el recurso libremente y en ambos efectos, se elevaron los autos á esta Superioridad con citación y emplazamiento de las partes, y que personado el apelante y sustanciado en forma el recurso, se señaló día para la vista, con citación de las partes, cuyo acto se celebró con asistencia del Señor Fiscal de este Tribunal Supremo, no habiendo comparecido el abogado defensor de la parte apelante.

Abogado del apelante :   *Sr. Monserrat* (Damian).

Abogado del Pueblo :   *Sr. del Toro* (Fiscal)..

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

Vistas las disposiciones legales que en la misma se citan.

*Fallamos* : que debemos confirmar y confirmamos la expresada sentencia con las costas al apelante.

his legal successor in the ownership thereof, if he be known, is one of the most essential requisites prescribed by article 395 of the Mortgage Law. Mere possession for twenty years, vaguely spoken of by the two witnesses presented by Manuel Pacheco, is not sufficient to establish the ownership claimed by him of the hereinbefore described land, no evidence having been offered as to the ownership of Nicolás Román in the property in question, nor even as to the date and other circumstances attending the sale alleged to have been made by the latter. In view of the legal provisions cited, and other provisions of the Mortgage Law and of the Civil Code in force, applicable to the case, it is declared: That Manuel Pacheco has not proven his ownership of the property in question and all his claims thereto are accordingly dismissed. It was so ordered by the judges of the court, to whose signatures I certify: Juan Morera Martínez, Frank H. Richmond, José Tous Soto.—Luis Méndez Vaz."

From this decision counsel for the petitioner entered an appeal, which was allowed for review and stay of proceedings. The record was forwarded to this Supreme Court with citation of the parties, and the appellant having appeared and the appeal having been duly perfected, a day was set for the hearing, and the parties having been summoned, the hearing was held, the *Fiscal* of this Supreme Court being present, and counsel for appellant failing to appear.

*Mr. Monserrat (Damián)*, for appellant.

*Mr. del Toro, Fiscal,* for the People.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

In view of the legal provisions cited therein, we adjudge that we should affirm and do affirm said judgment, with costs against appellants.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-Leary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

Graham *v.* El Banco Territorial y Agrícola et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 65.—Resuelto en Febrero 23, 1904.

Hipoteca.—Bienes Muebles Enclavados en la Finca Hipotecada.—Declarado por sentencia ejecutoria que determinados bienes muebles enclavados en una finca hipotecada, están afectos á la hipoteca, y que el embargo de los mismos debe seguir adelante hasta hacerse pago el acreedor, esa declaración envuelve una negación absoluta de los derechos del dueño de dichos bienes muebles para reclamar los mismos al acreedor ejecutante.

Obligación.—Dolo, Negligencia ó Morosidad.—Para que puedan tener aplicación las Artículos 1101 y 1108 del antíguo Código Civil es necesaria una obligación preexistente entre las partes, que haya sido contravenida por alguna de éstas, ó que alguna de éstas, en su cumplimiento, hubiese incurrido en dolo, negligencia ó morosidad.

Id.—Acción ú Omisión.—Indemnización.—El que por acción ú omisión causa daño á otro, interviniendo culpa ó negligencia, está obligado á reparar el daño causado.

Daño.—Costas.—No ejecuta propiamente un daño quién se limita á reclamar ante los tribunales un derecho más ó menos claro, siendo la imposición de costas el único correctivo que procede cuando se desestimen totalmente las pretensiones injustificadas.

Acreedor.—Intereses.—Acción Real y Acción Personal.—La falta de intereses que el acreedor no pueda exigir del obligado, por la acción real hipotecaria, podrá reclamarse por la acción personal, siendo considerado respecto á ella, en caso de concurso, como acreedor escriturario.

EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte de este Distrito entre partes de la una D. Roberto Graham y Fraser, vecino de Ponce, Ingeniero, dirigido y representado en esta Superioridad por el Letrado D. Jacinto Texidor y de la otra el Banco

Justices Hernández, Figueras and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.